[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14131
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-cr-60054-KMM-1


UNITED STATES OF AMERICA,

                                                      Plaintiff - Appellee,

versus

KEMAR CLARK-THOMAS,

                                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2012)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Kemar Clark-Thomas appeals his 168-month sentence, imposed after he pleaded guilty to one count of conspiring to possess with intent to distribute five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After careful review of the parties' briefs and the record, we affirm.

## I.

In late February 2011, a confidential informant arranged for Clark-Thomas to meet an undercover agent, who was posing as a disgruntled drug trafficker looking for help in robbing cocaine from a stash house. Clark-Thomas agreed to assist with the robbery in exchange for half of the expected cocaine take, and "indicated that he planned on utilizing two to four associates to assist in committing the robbery." Clark-Thomas then discussed the plan with a few associates who agreed to participate in the robbery.

The robbery plan was a setup, of course; and, shortly before the plan was to be executed, Clark-Thomas was arrested. Clark-Thomas pleaded guilty to one count of conspiring to possess with intent to distribute five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. As part of his plea, he signed a factual proffer stipulating the truth of the facts above.

2

The district court found that Clark-Thomas was an "organizer, leader, manager, or supervisor" of the conspiracy, and as a result added a two-level enhancement to his sentencing guidelines range. U.S.S.G. § 3B1.1(c). With the enhancement, Clark-Thomas's sentencing range was 135 to 168 months, and the district court imposed a sentence of 168 months. Clark-Thomas filed this appeal of his sentence, in which he disputes the district court's imposition of the U.S.S.G. § 3B1.1(c) enhancement.

II.

We review the district court's application of the sentencing guidelines de novo, United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005), and we review its factual determination concerning Clark-Thomas's role in this offense under the clear error standard, United States v. Rendon, 354 F.3d 1320, 1331 (11th Cir. 2003). We will therefore disturb the district court's imposition of this enhancement only if, on the entire record, we are "left with the definite and firm conviction that a mistake has been committed." United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotation marks omitted).

At sentencing, to the extent that any fact bearing on a defendant's role in an offense is disputed, the government bears the burden of establishing that fact by a preponderance of the evidence. See United States v. Pope, 461 F.3d 1331, 1335

3

(11th Cir. 2006). A fact admitted as part of a guilty plea may be considered by the district court at sentencing, even where the government presents no additional evidence to support it. See United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009).

III.

Section 3B1.1(c) of the sentencing guidelines provides that, where a defendant is an "organizer, leader, manager, or supervisor" over one to four co-participants in a criminal activity, a two-level sentencing enhancement may apply. U.S.S.G. § 3B1.1(c). On appeal, Clark-Thomas argues that the sentencing court erred in two ways when it imposed the U.S.S.G. § 3B1.1(c) enhancement against him. First, Clark-Thomas argues that the district court failed to consider some factors that weighed against the finding that he was an "organizer/leader" of the criminal activity. Second, Clark-Thomas argues that the court failed to make specific findings as to whom he recruited into the robbery. Neither argument is availing.

Clark-Thomas first argues that the district court failed to consider some factors that weighed against finding him to be an organizer or leader of the criminal activity. He bases his argument on one of the guidelines' application notes for § 3B1.1, which lists seven factors that courts should consider in

4

differentiating "a leadership and organizational role from one of mere management or supervision." Id. cmt. n.4. The distinction between being an "organizer" or "leader" as opposed to a "manager" or "supervisor" is not critical in this case, however. The district court enhanced Clark-Thomas's sentence pursuant to § 3B1.1(c), a provision that permits the enhancement for any "organizer, leader, manager, or supervisor." Id. § 3B1.1(c). The accompanying commentary explains that the "inclusiveness" of § 3B1.1(c) reflects the fact that, for smaller criminal endeavors, "the distinction between organization and leadership, and that of management or supervision, is of less significance." Id. cmt. background. Thus, the application note that Clark-Thomas invokes does not shed light on why it would have been inappropriate for the district court to impose an enhancement under U.S.S.G. § 3B1.1(c).

Next, Clark-Thomas argues that the district court was required to enumerate precisely whom Clark-Thomas recruited into the robbery plan when it imposed the § 3B1.1(c) enhancement. He is correct that the district court is generally required to make fact findings, which facilitate meaningful appellate review. See United States v. Alpert, 28 F.3d 1104, 1108 (11th Cir. 1994) (en banc). But we have clearly stated that, "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary

factual findings." United States v. Rodriguez De Varon, 175 F.3d 930, 939–40 (11th Cir. 1999) (en banc). Besides, even if Clark-Thomas were correct that the sentencing court is required to make this subsidiary factual finding, it appears that the sentencing court in fact did. At sentencing, the court stated that it relied on the offense conduct described in the presentence investigation report to find that Clark-Thomas recruited "Simon Samuels, Arthur Murphy, and Ebony Dunbar" for the conspiracy. As a result, Clark-Thomas's second argument fails.

IV.

Reviewing now the district court's determination of Clark-Thomas's role in the conspiracy, we conclude that the district court did not clearly err in finding that he was an "organizer, leader, manager, or supervisor" of the endeavor. As part of his plea agreement, Clark-Thomas admitted to "indicat[ing] that he planned on utilizing two to four associates to assist in committing the robbery." He also admitted that he discussed the plan with a few associates, and that those associates agreed to participate in the robbery.

In the stipulated factual proffer for his plea, Clark-Thomas admitted that he told the undercover agent that "he commits robberies for a living and that he and his crew would be successful in committing" the planned robbery. But at sentencing, he argued that he was "just blowing smoke" when he made that

statement, and testified that the statement was not factually true. However, aside from disputing the interpretation of that single statement, Clark-Thomas raised no other objection to the facts contained in his PSI, and the entirety of the undisputed evidence supports the imposition of the enhancement. Thus, we cannot say that the district court's finding that Clark-Thomas recruited his co-participants for the robbery is clearly erroneous. See United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) (holding that a defendant's decision to recruit another individual and brief him on the details of a criminal plan was sufficient to support an enhancement). We therefore affirm the sentence.

**AFFIRMED.**